In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00221-CR


______________________________




EARL CHARLES REYNOLDS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 27354-A




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Earl Charles Reynolds appeals his conviction for aggravated assault. Reynolds pled
guilty without a plea agreement, and the trial court sentenced him to fifteen years'
imprisonment. In the same proceeding, Reynolds also pled guilty to three other
aggravated assault offenses and to one unlawful possession of a firearm by a felon
offense. The trial court sentenced him to ten years' imprisonment for each of the
aggravated assault offenses and for the unlawful possession of a firearm by a felon
offense. All sentences were ordered to run concurrently.

 The trial court then recessed the proceedings and took up the State's motion to
revoke Reynolds' community supervision, which was previously imposed after Reynolds
was convicted of assault on a public servant. Reynolds pled true to the State's single
allegation. The trial court revoked Reynolds' community supervision and sentenced him
to ten years' imprisonment. The trial court announced from the bench that Reynolds'
sentence would be stacked on the sentences he received for the aggravated assault and
unlawful possession of a firearm by a felon offenses. However, the judgment does not
contain a stacking order.

 Reynolds has also filed appeals from the other three aggravated assault convictions,
the unlawful possession of a firearm by a felon conviction, and the revocation of his
community supervision. We address each of those appeals in separate opinions.

 Reynolds' attorney has filed an appellate brief in which he concludes that after a
review of the record and the related law, the appeal is frivolous and without merit. He has
evaluated the record and has found no error that arguably supports an appeal. The brief
thus meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), and Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). 
Reynolds did not file a response pro se.

 We have this day released our opinion in Cause Number 06-00-00218-CR, Earl
Charles Reynolds v. The State of Texas. Because the briefs and arguments are identical
to those raised in this appeal, for the reasons stated in that opinion, we agree with
counsel's assessment of the record and affirm the trial court's judgment.


 Donald R. Ross

 Justice


Date Submitted: October 15, 2001

Date Decided: October 16, 2001


Do Not Publish



ve other convictions. In cause number 06-07-00004-CR, he
was convicted of aggravated sexual assault on M.M. and sentenced to forty years' imprisonment
(concurrent). In cause number 06-07-00005-CR, he was convicted of aggravated sexual assault on
M.M. and sentenced to forty years' imprisonment (concurrent). In cause number 06-07-00006-CR,
he was convicted of indecency with a child with J.H. and sentenced to twenty years' imprisonment
(concurrent). In cause number 06-07-00007-CR, he was convicted of indecency with a child with
J.H. and sentenced to twenty years' imprisonment (concurrent). In cause number 06-07-00008-CR,
he was convicted of one count of indecency with a child with J.H. and sentenced to twenty years'
imprisonment (concurrent), and one count of aggravated sexual assault on a child with J.H. and
sentenced to forty years' imprisonment (consecutive to 0618762 (06-07-00004-CR)). In cause
number 06-07-00009-CR, Mick was convicted of one count of aggravated sexual assault on J.H. and
sentenced to forty years' imprisonment (concurrent), and one count of indecency with a child with
J.H. and sentenced to twenty years' imprisonment (concurrent). In each conviction, the jury also
assessed a $10,000.00 fine against Mick. 
2. Mick does not present a Confrontation Clause issue--M.M. testified at the trial.